IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02730-PAB-KLM

EDWARD J. LAVALLEE

    Plaintiff,

v.

CROCS, INC.,
RONALD R. SNYDER,
JOHN P. MCCARVEL,
SCOTT CRUTCHFIELD,
PETER S. CASE,
RAYMOND CROGHAN,
MICHAEL MARGOLIS,
MICHAEL MARKS,
RICHARD SHARP,
THOMAS SMACH,
DELOITTE & TOUCHE, LLP,

    Defendants.
_____

## ORDER STAYING CASE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' **Joint Motion to Adjourn Status Conference and to Stay Case Pending Tenth Circuit Appeals** [Docket No. 31; Filed April 26, 2011] (the "Motion). The parties seek a stay of this case pending the Court of Appeals for the Tenth Circuit's resolution of a related case, *In re Crocs, Inc. Securities Litigation* ("*In re Crocs*"), District Court No. 07-cv-02351-PAB-KLM, Court of Appeals No. 11-1142. *See Order* [Docket No. 10] (finding that this case and *In re Crocs* present "common issues of fact and law").

    Although the stay of proceedings in a case is generally disfavored, the Court has

broad discretion to stay a case when warranted. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *see, e.g.*, *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding; (3) the convenience to the Court of staying the case; (4) the interests of nonparties in either staying the case or proceeding toward trial; and (5) the public interest in either staying the case or proceeding toward trial. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

As Plaintiff has joined in the Motion, he agrees that staying this case would not prejudice him. Accordingly, the Court finds that the first *String Cheese Incident* factor weighs in favor of granting a stay.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with this case presents an undue burden. However, because this case shares factual and legal issues with *In re Crocs*, now pending before the Court of Appeals for the Tenth Circuit, it is inefficient to proceed before those common issues are resolved. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay further proceedings until it is clear that the case will proceed in light of the Court of Appeals decision in *In re Crocs.*

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying the case.

Weighing the relevant factors, the Court concludes that staying this case pending the Court of Appeals for the Tenth Circuit's resolution of *In re Crocs* is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#31] is **GRANTED**.

IT IS FURTHER **ORDERED** that the status conference set for May 9, 2011 at 11:00 a.m. is **vacated**.

IT IS FURTHER **ORDERED** that all further proceedings in this case are **STAYED**

pending the Court of Appeals for the Tenth Circuit's resolution of *In re Crocs.*

IT IS FURTHER **ORDERED** that the parties must file a status report in this case within ten days of the Court of Appeals for the Tenth Circuit's final decision in *In re Crocs*.

Dated:  April 29, 2011

                                            BY THE COURT:

                                             s/ Kristen L. Mix
                                            Kristen L. Mix
                                            United States Magistrate Judge