IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02730-PAB-KLM

EDWARD J. LAVALLEE,

    Plaintiff,

v.

CROCS, INC., et al.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Unopposed Motion to Open Case Administratively Closed [Docket No. 36] filed by plaintiff Edward J. Lavallee. In the motion, plaintiff requests that the Court reopen this case and order a stay of the case pending final resolution of the appellate process in the related case *In re Crocs, Inc. Securities Litigation*, No. 07-cv-02351-PAB-KLM.

On April 29, 2011, this case was stayed pending the resolution of the appeal in *In re Crocs*. On May 30, 2012, the Court administratively closed this case, allowing the parties to reopen this "matter for good cause, including a final decision in the Tenth Circuit matter." Docket No. 35 at 1.

On April 9, 2012, the Tenth Circuit remanded *In re Crocs Sanchez v. Crocs, Inc.*, Case No. 11-1116, and *National Roofing Industry Pension Plan v. Crocs, Inc.*, Case No. 11-1142 (Consolidated Civil Action No. 07-cv-02351-PAB-KLM), and ordered this Court to consider the parties' proposed class settlement agreement.

In his motion, plaintiff states that he has good cause to reopen the case and re-implement the stay [Docket No. 36]. In the order staying the case, Magistrate Judge Kristen L. Mix found that a stay of the case, pending resolution of the related cases on appeal, served the public interest in conserving judicial resources and reaching a just and efficient resolution of the issues presented. Docket No. 33 at 3. In this instance, given that the Tenth Circuit's remand is not a final decision in the *In re Crocs* litigation, plaintiff's purpose in re-opening this case is unclear. Plaintiff does not assert that he wishes to further prosecute his claims at this time, but instead claims that he will await the resolution of the appellate process. Thus, the Court finds no measurable difference between a stay and an administrative closure. Accordingly, the Court will deny plaintiff's motion for failure to show good cause to reopen the case.

Based on the foregoing, it is

**ORDERED** that plaintiff's Unopposed Motion to Open Case Administratively Closed [Docket No. 36] is **DENIED**.

DATED August 7, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge