IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02730-PAB-KLM

EDWARD J. LAVALLEE,

    Plaintiff,

v.

CROCS, INC., et al.,

    Defendants.

**ORDER**

This matter is before the Court on the Joint Motion to Open Case Administratively Closed [Docket No. 38] filed by plaintiff Edward J. Lavallee and joined by defendants Crocs, Inc., Ronald R. Snyder, Russ Hammer, John P. McCarvel, Scott Crutchfield, Peter S. Case, Raymond Croghan, Michael Margolis, Michael Marks, Richard Sharp, and Thomas Smach.[1] In their motion, the parties request that the Court reopen this case and order a stay of the case pending final resolution of the appellate process in the related case *In re Crocs, Inc. Securities Litigation*, No. 07-cv-02351-PAB-KLM. *See* Docket No. 38 at 5, ¶ 14.

On April 29, 2011, this case was stayed pending the resolution of the appeal in *In re Crocs*. *See* Docket No. 33. In the order staying the case, the magistrate judge found that a stay of the case, pending resolution of the related cases on appeal, served

---

[1] Defendant Deloitte & Touche, LLP ("Deloitte") is not a party to this motion; however, plaintiff states that Deloitte does not oppose the requested relief. Docket No. 38 at 1.

the public interest in conserving judicial resources and reaching a just and efficient resolution of the issues presented.  *Id*. at 3.  On May 30, 2012, the Court administratively closed this case, allowing the parties to reopen this "matter for good cause, including a final decision in the Tenth Circuit matter."  Docket No. 35 at 1.  On April 9, 2012, the Tenth Circuit remanded *In re Crocs Sanchez v. Crocs, Inc.,* Case No. 11-1116, and *National Roofing Industry Pension Plan v. Crocs, Inc.*, Case No. 11-1142 (Consolidated Civil Action No. 07-cv-02351-PAB-KLM), and ordered this Court to consider the parties' proposed class settlement agreement.  On June 7, 2012, plaintiff filed an unopposed motion to reopen the case [Docket No. 36], which the Court denied on August 7, 2012 [Docket No. 37].  In the order denying plaintiff's motion to reopen the case, the Court determined that, because plaintiff was awaiting the resolution of the appellate process to prosecute his claims, there was "no measurable difference between a stay and an administrative closure."  Docket No. 37 at 2.

In the present motion, plaintiff states that he "believes that he is prejudiced by having the case closed in this Court" and that "[i]t appears to him that this procedure disposes of his case and that it cannot be timely prosecuted or prosecuted later following resolution of the appeal."  Docket No. 38 at 3-4, ¶ 10.  Plaintiff also states that he "has Massachusetts state law claims that are lost if this Court closes his case."  *Id*.  He then claims that, "[n]othing has changed that warrants Plaintiff's case closed and the state court claims possibly lost to statutes of limitation or repose, if not the federal claims barred as well."  *Id*. at 4, ¶ 12.

In *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closings as follows:

> Administrative closings comprise a familiar, albeit essential ad hoc, way in which courts remove cases from their active files without making any final adjudication.  The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases. [The First Circuit] endorse[s] the judicious use of administrative closings by district courts in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time.

*Id*. at 392 (internal citations and quotation marks omitted).  The First Circuit explained that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id*.

The Tenth Circuit adheres to the First Circuit's view of administrative closings.[2] *See, e.g., Quinn v. CGR*, 828 F.2d 1463, 1465 (10th Cir. 1987) (concluding that a district court order stating that the case is "ordered closed, to be reopened upon a showing of good cause" was not a final decision because it contemplated further proceedings in district court following arbitration); *Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1176-78 (10th Cir. 2005) (finding that an order administratively closing a case was not a final decision because it did not terminate

---

[2]The parties should note, however, that "an administrative closing order that notifies the parties that the case will be dismissed with prejudice absent action on their part within a specified period of time is sufficient to terminate a case." *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).  That is not the case here.

proceedings since the district court contemplated continued litigation); *cf. Mickeviciute v. I.N.S.*, 327 F.3d 1159, 1161 n.1 (10th Cir. 2003) (noting that an "[a]dministrative closure of [an immigration] case temporarily removes the case from an immigration judge's calendar . . . [t]he administrative closing of a case does not result in a final order").

Given that administratively closing a case is the practical equivalent of a stay, the administrative closure here does not dispose of plaintiff's case. *See Quinn*, 828 F.2d at 1465 n.2 (construing an order closing a case "to be reopened upon a showing of good cause" as "the practical equivalent of a stay"); *Corion Corp. v. Chen*, 964 F.2d 55, 56-57 (1st Cir. 1992) (holding that a district court's order that a proceeding be administratively closed pending arbitration was not equivalent to a final judgment of dismissal). Moreover, movants provide no support for their argument that they are likely subject to prejudice because the Court's administrative closure could lead to the loss of state law and federal claims. Because there is no measurable difference between a stay and an administrative closure, movants present no good cause to reopen the case. *See Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 715 (5th Cir. 2002) (Dennis, J. concurring) ("[T]he administrative closure reflects nothing more than the federal courts' overarching concern with tidy dockets; it has no jurisdictional significance"). Accordingly, the Court will deny the parties' joint motion to reopen the case.

Based on the foregoing, it is

**ORDERED** that the Joint Motion to Open Case Administratively Closed [Docket No. 38] is **DENIED**.

DATED November 20, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge