**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:09-CV-02730-PAB-KLM

EDWARD J. LAVALLEE,

Plaintiff,

v.

CROCS, INC.,
RONALD R. SNYDER,
RUSS HAMMER,
JOHN P. MCCARVEL,
SCOTT CRUTCHFIELD,
PETER S. CASE,
RAYMOND CROGHAN,
MICHAEL MARGOLIS,
MICHAEL MARKS,
RICHARD SHARP,
THOMAS SMACH, and
DELOITTE & TOUCHE LLP

Defendants

---

**CROCS DEFENDANTS' OPPOSITION TO**
**PLAINITFF LAVALEE'S MOTION TO RE-OPEN CASE**

---

The Crocs Defendants[1] respectfully submit this Opposition to the Motion to Open Case Administratively Closed filed by Plaintiff Edward J. Lavallee (Dkt. No. 40).

Mr. Lavallee has not established "good cause" to re-open this case. (*See* Dkt. No. 35 (administratively closing case subject to reopening for "good cause").) *The*

[1] The Crocs Defendants are Crocs, Inc., Ronald Snyder, Russ Hammer, John McCarvel, Scott Crutchfield, Peter Case, Raymond Croghan, Michael Margolis, Michael Marks, Richard Sharp, and Thomas Smach.

*parties (including Mr. Lavallee) previously told the Court that "it would be prudent and judicially efficient to continue the stay of the Lavallee action pending the Tenth Circuit's determination of the appeals in the Consolidated Action.*" (Dkt. No. 31 ¶ 4.[2]) This Court agreed, first staying and then administratively closing the case pending resolution of the class action on which Mr. Lavallee's claims are expressly based. (*See* Dkt. Nos. 33, 35; *see also* Dkt. No. 39 at 1-2 (noting that the Magistrate found that a stay pending resolution of the class action appeal "served the public interest in conserving judicial resources and reaching a just and efficient resolution of the issues presented").)

This Court has twice denied requests to re-open this case. (Dkt Nos. 37, 39.) There has been no change in the status of the class action to warrant revisiting those rulings and re-opening Mr. Lavallee's companion case at this time. *To the contrary, the partial settlement of the Crocs Defendants has not been finally approved and, even if it is finally approved, still may be appealed. Moreover, Deloitte is also a defendant in this case. The allegations against Deloitte here are precisely the same as those in the class action, and the merits appeal of the class action claims against Deloitte is pending. That appeal will certainly proceed to argument and decision, regardless of the outcome of the partial settlement*.

Thus, even an order from this Court approving the partial class settlement *will not* fully and finally resolve the class action. If this Court were to approve the partial class settlement, class members may still appeal from that Order. And, if the Court does not approve settlement, then the class plaintiffs' appeal of the dismissal on the merits will be reinstated to be heard by the Tenth Circuit. (*See* Dkt. No. 194 at 31-32.)

---

[2] Mr. Lavallee freely admits that his claims are premised on, and indeed incorporate by reference, the precise allegations made in the class action (*see* Dkt. No. ¶ 1; Compl. ¶¶ 4, 6, 31), which was dismissed by this Court, Order on Motions to Dismiss, Case Nos. 07-cv-02351-PAB-KLM (D. Colo. Feb. 28, 2011).

Mr. Lavallee has previously acknowledged that "[t]he remand did not resolve the appeals, [and] thus the Order staying this matter remains unaffected pending final resolution of the appeals." (Dkt. 36 ¶ 7.) As this Court has stated, "there is no measurable difference between a stay and an administrative closure," and hence there is not "good cause to reopen the case." (Dkt. No. 39 at 4.)

None of Mr. Lavallee's arguments establishes otherwise. Mr. Lavallee asserts that the class action is "essentially settled." (Dkt. No. 40 ¶ 17.) But "essentially settled" is not the same as "finally settled and not subject to appeal"—a status that is not imminent, and, as discussed above, Deloitte is not a party to the partial settlement in any event. Mr. Lavallee claims there is "no appellate review pending." (*Id.* ¶ 20.) That is incorrect: the appeal of judgment in favor of Deloitte is pending.

The fact that the fate of Mr. Lavallee's claims is inextricably intertwined with the resolution of the class complaint (*see id.* ¶ 18) whose allegations he has adopted as his own weighs against, rather than in favor, of re-opening this case before final resolution of the class action. Similarly, while Mr. Lavallee says that only his state law claims remain viable "as a practical matter" (*id.* ¶ 19), he ignores that, as a legal matter, all of his asserted claims—federal and state—depend on proving the alleged wrongdoing at issue in the class action.

Finally, the mere "passage of time" since Mr. Lavallee first filed his Complaint (*id.* ¶ 17) does not establish good cause. Mr. Lavallee's Complaint incorporated by reference the class complaint, which is the *only* source for the alleged misconduct on which Mr. Lavallee's claims are based. Because Mr. Lavallee chose to proceed in this

manner, it is "prudent and judicially efficient" to await full and final resolution of the class action before addressing Mr. Lavallee's copycat claims.[3]

For the foregoing reasons, and those already articulated by this Court, the Crocs Defendants respectfully request that the Court again conclude that "no good cause [exists] to reopen the case" at this time. (Dkt. No. 39 at 4.)

Dated: March 7, 2014

Respectfully submitted,

s/ Paul T. Friedman

Paul T. Friedman
Erik J. Olson
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: PFriedman@mofo.com

Ian J. Kellogg
Nicole K. Serfoss
Morrison & Foerster LLP
5200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510
Email: IKellogg@mofo.com

Attorneys for the Crocs Defendants

[3] The fact that Mr. Lavallee has opted out of the proposed partial class settlement does not change the analysis. His claims are still based entirely on the same substantive allegations as those at issue in the class action, which remains subject to ongoing proceedings.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Richard J. Gerace | rgerace14@comcast.net |
| Robert Charles Blume | rblume@gibsondunn.com |
| Scott A. Fink | sfink@gibsondunn.com |
| Matthew S. Kahn | mkahn@gibsondunn.com |

s/ Paul T. Friedman

Paul T. Friedman



dn-172916